UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

LEAD CIVIL ACTION NO. 08-459-JBC
CONSOLIDATED CIVIL ACTION NO. 11-188-JBC

GMAC MORTGAGE, LLC,                                                    PLAINTIFF,

V.             MEMORANDUM OPINION & ORDER

HEATHER BOONE MCKEEVER, et al.,                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Pending before the court is the plaintiff Shane Haffey's motion to alter or amend the judgment on the pleadings, R.33. For the following reasons, the court will deny the motion.

On March 2, 2012, the court granted Deutsche Bank's motion for judgment on the pleadings and dismissed this action, finding that the law-of-the-case doctrine barred all of Haffey's claims against Deutsche Bank. Haffey now moves the court to alter that order and asks the court to reconsider its order denying Haffey's motion to remand. The court reviews both a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment and a motion to reconsider for a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). Haffey has made none of these showings.

1

Haffey offers no clear explanation as to why the court's reliance on the law-of-the-case doctrine was incorrect. Haffey's motion to reconsider asks the court to re-examine the jurisdictional question of whether Gentry Mechanical, a former defendant in this action, was fraudulently joined. In support of reconsideration, Haffey argues that Gentry has an active case in Fayette County Circuit Court to enforce a still-active lien on the property in dispute and provides certified copies of Gentry's active mechanic's lien and active lis pendens as exhibits. However, he offers no legal argument as to how these documents alter the court's analysis in its order denying remand or why the documents were not provided with his motion to remand.

The court denied remand after finding that Gentry should not be considered in the diversity jurisdiction analysis because Haffey asserted "only a brief allegation against Gentry and state[d] no legal basis for the claim," which meant that "[n]o colorable basis exist[ed] for predicting that Haffey could recover against Gentry." R.126, p.2; *see Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1994). Haffey stated in his complaint that Gentry was named as a party because a mechanic's lien existed on the property in dispute, but he also noted that the lien was statutorily dissolved. Now, Haffey attaches copies of the lien and lis pendens as proof that he does have an active claim against Gentry; however, these documents, dated July 31, 2007, and July 30, 2008, existed at the time Haffey filed his complaint and motion to remand, and they do not constitute new evidence. The court thus finds no basis by which to alter, amend, or reconsider its

order granting Deutsche Bank's motion for judgment on the pleadings or its order denying Haffey's motion to remand. Accordingly,

**IT IS ORDERED** that Haffey's motion to alter or amend the judgment on the pleadings, R.33, is **DENIED**.

Signed on October 3, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY